**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARLES V. REED, | No. 11-35690 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-05146-BHS |
| v. | |
| STATE OF WASHINGTON; et. al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted October 9, 2012**

Before: RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

Washington state prisoner Charles V. Reed appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate

indifference to his medical needs in the treatment of his knee and in the processing

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

of his administrative appeals. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to exhaust administrative remedies. *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003). We affirm.

The district court properly dismissed Reed's action without prejudice because Reed failed to exhaust administrative remedies before filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 85, 93-95 (2006) (holding that "proper exhaustion" is mandatory and requires adherence to administrative procedural rules); *Sapp v. Kimbrell*, 623 F.3d 813, 823-24 (9th Cir. 2010) (to fall within the futility exception to the administrative exhaustion requirement, the inmate must, inter alia, establish "that he actually filed a grievance or grievances").

The district court did not abuse its discretion by denying Reed additional time for discovery because Reed failed to show how allowing additional discovery would have precluded summary judgment. *See Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n.6 (9th Cir. 2001) (setting forth standard of review).

**AFFIRMED.**